Filed 4/14/21  P. v. Crenshaw CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| **California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.** |
| --- |

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
| --- | --- |
| THE PEOPLE,  Plaintiff and Respondent,  v.  DOUGLAS L. CRENSHAW,  Defendant and Appellant. | D077929  (Super. Ct. No. SCD132521) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2000, a jury convicted Douglas L. Crenshaw of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found Crenshaw had personally used a deadly weapon (a hammer) in the commission of the offense (§ 12022, subd. (b)).  The jury also found true a special circumstance the murder was

---

1    All further statutory references are to the Penal Code.

committed during a burglary. (§ 190.2, subd. (a)(17).) Crenshaw was sentenced to life without the possibility of parole.

Crenshaw appealed and this court affirmed his conviction in an unpublished opinion filed in November 2001. (*People v. Crenshaw* (Nov. 30, 2001, D035848) [nonpub. opn.].)

In March 2019, Crenshaw filed a petition for resentencing under section 1170.95. The trial court appointed counsel, received written briefs from the parties, and reviewed the record of the conviction. The court denied the petition by written order, concluding the record demonstrated Crenshaw was the actual killer and thus ineligible for relief under section 1170.95.

Crenshaw filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Crenshaw the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue which was considered in evaluating the potential merits of this appeal: Whether Crenshaw's petition for resentencing established prima facie showing of merit which would require a hearing.

---

[2] The facts of the offense are fully set forth in our opinion on direct appeal. (*People v. Crenshaw*, *supra*, D035848.) We will not repeat them here.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Crenshaw on this appeal.

DISPOSITION

The order denying Crenshaw's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


GUERRERO, J.

3